IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-38 |
| | ) | |
| SCOTT MARIANA | ) | |

## MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion for early termination of supervised release filed by Scott Mariana ("defendant"), and the government's response in opposition thereto. For the following reasons, defendant's motion will be denied.

On December 3, 2013, defendant pled guilty to a one-count information charging him with conspiracy to distribute and to possess with intent to distribute oxycodone. On that same date, defendant was sentenced to a term of imprisonment of 12 months and one day, to be followed by a term of supervised release of 3 years. On October 16, 2014, defendant was released from incarceration and commenced his term of supervised release. To date, defendant has served approximately 20 months of the imposed 36-month term of supervision and now seeks early termination of his supervised release term. The government has filed a response in opposition to early termination.[1]

---

[1] Contrary to defendant's assertion that his Probation Officer, Mara Williams, consents to early termination, Ms. Williams verbally indicated to the court that the Probation Office takes no position on defendant's request.

Pursuant to 18 U.S.C. §3583(e)(1), the court *may*, after considering the factors set forth in §3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if the court is satisfied that termination is warranted by the conduct of the defendant and the interest of justice.

Upon consideration of the factors set forth in §3553(a), the court finds that early termination of supervised release is not warranted in this case. In imposing defendant's particular sentence, the court considered the §3553(a) factors and arrived at a sentence which was sufficient, but not greater than necessary, to comply with the purposes of sentencing. The three-year term of supervised release imposed was designed to play an integral part in achieving those purposes and, in the court's view, early termination of supervised release at this time would result in a sentence that would not be sufficient to comply with the sentencing factors set forth in §3553(a), and would not serve the interest of justice.

In his motion, defendant argues that early termination is warranted because he has been "100% compliant" with the terms of supervised release, that he has maintained consistent employment, and that he has taken full responsibility for his conduct and has been rehabilitated. The court has considered these reasons but finds that they do not change the court's determination that the full 3-year period of supervised release is appropriate in this case.

First, although defendant thus far has been compliant with the conditions of supervision imposed, mere compliance is not enough for the court to find that early termination of supervised release is warranted by defendant's conduct and the interest of justice as required by 18 U.S.C. §3583(e)(1). The Third Circuit Court of Appeals has instructed that "early termination of supervised release . . . should occur only when the sentencing judge is satisfied that something

2

AO 72
(Rev. 8/82)

exceptional or extraordinary warrants it." United States v. Laine, 404 Fed. Appx. 571, 573-74 (3d Cir. 2010). As explained in Laine, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." Id. at 574.

Here, defendant's compliance with the terms of supervised release is neither exceptional nor extraordinary because that is what is required and expected of all defendants. Accordingly, while defendant is to be commended for his compliance to date, as well as his thus-far successful efforts to rehabilitate himself while on supervised release, the court believes that continued supervision is in the best interest of justice.

In seeking early termination of supervised release, defendant pleads for leniency and requests that the court take into consideration both the nature of his offense and his character and background. The court did so in imposing its original sentence of 12 months' and one day's imprisonment, a significant downward departure from the advisory guideline sentencing range of 57 to 71 months. The court's inclusion of a three-year term of supervised release was designed to insure that defendant's already lenient sentence was sufficient, but not greater than necessary, to comply with the purposes of sentencing. Defendant's "continued progress" towards rehabilitation since that time, while commendable, is not sufficient to alter the need for a full three-year term of supervision.

In sum, after considering the factors required by 18 U.S.C. §3553(a), the court believes that early termination of supervised release is warranted neither by defendant's conduct while on supervision nor the interest of justice. Rather, continued supervision is appropriate in accordance with the 3-year term of supervised release originally imposed.

An appropriate order follows.

3

## ORDER OF COURT

AND NOW, this 8th day of June, 2016, upon due consideration of defendant's motion for early termination of supervised release, and the government's response in opposition thereto, and the court, after having considered the factors set forth in 18 U.S.C. §3553(a), being satisfied that termination of supervised release at this time is not warranted either by the conduct of defendant or the interest of justice, IT IS ORDERED that defendant's motion (Document No. 36) be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

cc: Mary McKeen Houghton
Assistant U.S. Attorney

Casey D. White, Esq.
The Law Office of Casey D. White
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Mara Williams
United States Probation Officer

AO 72
(Rev. 8/82)